Hardge-DE v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-155-CR
&
No. 10-95-156-CR

Â Â Â Â Â DONALD EVETTE HARDGE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 292nd District Court
Dallas County, Texas
Trial Court # F91-45377-V & F92-39151-V
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â In Cause No. 10-95-155-CR Appellant Hardge appeals from his conviction for aggravated
delivery of cocaine (over 28 gramsâless than 200 grams) for which he was sentenced to 35 years
in the Texas Department of Criminal Justice and assessed a $5,000 fine.
Â Â Â Â Â Â In Cause No. 10-95-156-CR Hardge appeals from his conviction for unlawful possession with
intent to deliver cocaine (less than 28 grams) for which he was sentenced to 35 years in the Texas
Department of Criminal Justice and assessed a $5,000 fine.
Â Â Â Â Â Â The two cases were tried together, there is one statement of facts, and the briefs in both cases
are almost identical.
Â Â Â Â Â Â Appellant was a drug dealer who operated three "crack houses" and employed others from
time to time to transfer and sell cocaine.
Â Â Â Â Â Â In Cause No. 10-95-155-CR, on December 9, 1991, undercover officer Benjamin purchased
five "fifties" of cocaine from Appellant at an apartment on Overton Road in Dallas. Benjamin
paid Appellant $1,200 for 29.05 grams after which Appellant told Officer Benjamin what to do
if he wanted more.
Â Â Â Â Â Â In Cause No. 10-95-156-CR, on December 18, 1991, Appellant was stopped by police in a
traffic stop. An inventory of Appellant's car revealed 77 baggies of "dime socks," which are $10
rocks of cocaine that weigh between one and two grams each.
Â Â Â Â Â Â Appellant was indicted, pled guilty, waived a jury, executed a judicial confession, and was
given admonitions of all statutory and constitutional rights, in each case, by the trial judge. The
pleas were open pleas. Evidence was heard on May 8, 1992, and the court found the evidence
sufficient beyond a reasonable doubt to sustain Appellant's guilt in each case. Part of the
punishment evidence was heard and the trial court recessed for the balance of the punishment
evidence until June 1, 1992. On June 1, after hearing the balance of the punishment evidence, the
trial court found Appellant guilty in both cases, and then sentenced him to 35 years and a $5,000
fine in each case.Â Â Â Â Â Â  Subsequently, Appellant pled guilty to murder in another case and was
sentenced to ten years in prison. 
Â Â Â Â Â Â Counsel in all three cases failed to appeal the convictions. Appellant applied for out-of-time
appeals by habeas corpus in the three cases, and the Court of Criminal Appeals granted the out-of-time appeals in the two drug cases here involved but denied the out-of-time appeal in the murder
case.
Â Â Â Â Â Â Appellant appeals Cause No. 10-95-155-CR and Cause No. 10-95-156-CR on three identical
points of error.
Â Â Â Â Â Â Point one: "Appellant was denied the right to effective assistance of counsel."
Â Â Â Â Â Â In the June 1, 1992, punishment-phase hearing, Appellant testified "he was not criminally
responsible for the offenses" with which he was charged. Appellant asserts he was denied
effective assistance of counsel because his attorney failed at this time to move that his guilty pleas
be withdrawn.
Â Â Â Â Â Â The standard of review where ineffective assistance of counsel is alleged is set out in
Strickland v. Washington, 446 U.S. 688, and Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim.
App. 1986). 
Â Â Â Â Â Â These cases require a showing that Counsel's performance was deficient by norms of the
community, plus a showing that the deficiency so undermined the proper function of the
adversarial process that the trial cannot be relied on as having produced a just result. This is
judged by the totality of counsel's representation and not by isolated acts and omissions. Solis v.
State, 792 S.W.2d 95, 100 (Tex. Crim. App. 1980). The burden of proving ineffective assistance
of counsel is on the appellant and must be proved by a preponderance of the evidence. Moore v.
State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). A claim of ineffective assistance of counsel
should not be sustained unless it is firmly founded in the record. Mercado v. State, 615 S.W.2d
225, 228 (Tex. Crim. App. 1981).
Â Â Â Â Â Â In Cause No. 10-95-155-CR, the delivery case, Appellant testified in the punishment phase
that he did not sell the cocaine, but that he only weighed the cocaine for the sale.
Â Â Â Â Â Â Appellant did not have an absolute right to withdraw his plea of guilty after the court heard
the evidence in the May 8, 1992, hearing. It would have been a matter in the discretion of the
court on June 1, 1992, at the punishment hearing. Jackson v. State, 590 S.W.2d 514.
Â Â Â Â Â Â Counsel's decision not to move to withdraw the guilty plea could have been sound trial
strategy. Appellant's testimony, if believed, still left him guilty as a party to the offense. 
Appellant was seeking probation and deferred adjudication. Moreover, counsel, in view of the
overwhelming evidence of Appellant's guilt, could have chosen not to withdraw Appellant's guilty
plea because he knew the chance of winning at trial was almost non-existent.
Â Â Â Â Â Â In Cause No. 10-95-156-CR, the possession with intent to deliver case, Appellant testified in
the June 1, 1992, hearing that the cocaine belonged to a female passenger in his car. Appellant
asserts he was denied effective assistance of counsel at this time because his attorney failed to
move to withdraw his guilty plea. It would have been discretionary with the court to permit
withdrawal of the guilty plea. Appellant was seeking probation and deferred adjudication, and
counsel could have chosen not to move to withdraw the guilty plea as a matter of trial strategy. 
Point one is overruled in both cases.
Â Â Â Â Â Â Point two: "The plea of guilty was not intelligently and voluntarily entered by the appellant."
Â Â Â Â Â Â Appellant, in both cases, was fully admonished prior to the court accepting his pleas of guilty. 
Thus Appellant has the burden to establish that his pleas were involuntary. Ex parte Gibauitch,
688 S.W.2d 868, 871 (Tex. Crim. App. 1985). And he has a heavy burden because he has
himself attested in the trial court that his plea was voluntary. Harling v. State, 899 S.W.2d 9, 13
(Tex. App.âSan Antonio 1995).
Â Â Â Â Â Â In determining the voluntariness of Appellant's pleas, we examine the entire record, including
the written stipulations and waivers. Williams v. State, 522 S.W.2d 483, 485 (Tex. Crim. App.
1975); Harling, supra at 13.
Â Â Â Â Â Â Appellant admitted to the court that his pleas were made freely and voluntarily, and further
told the court that no one hassled him or threatened him in any way to get him to come in and
plead guilty.
Â Â Â Â Â Â Appellant's testimony in the June 1, 1992, hearing, in both cases, did not raise a genuine issue
as to his guilt, and his testimony came only after the trial judge had finished receiving evidence
on guilt-innocence and had found the evidence sufficient beyond a reasonable doubt to sustain
Appellant's guilt. Point two is overruled in both cases. 
Â Â Â Â Â Â Point three: "The trial court erred in admitting into evidence testimony regarding harmful
extraneous matters that suggested that Appellant was involved in burglaries and crimes of
violence."
Â Â Â Â Â Â During the punishment phase, Officer Shields testified he executed a search warrant at 3410
Overton Court and that a red Mustang, several large-screen televisions, several VCRs, stereo
systems, an AK-47 rifle, 3 handguns, and a shotgun were recovered.
Â Â Â Â Â Â Appellant objected to this testimony as evidence of extraneous offense. The trial court
overruled the objection.
Â Â Â Â Â Â To constitute an extraneous offense, the evidence must show a crime or bad act, and that the
defendant was connected to it. Lockhart v. State, 847 S.W.2d 568, 573 (Tex. Crim. App. 1992);
Moreno v. State, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993).
Â Â Â Â Â Â The testimony about which Appellant complains does not show a crime or bad act, or that
Appellant was connected to any crime or bad act. The testimony merely describes the items of
property seized from 3410 Overton Court when a search warrant was executed at the residence. 
Nowhere in the testimony complained of is there an intimation that Appellant was involved in or
connected with crimes or bad acts.
Â Â Â Â Â Â Because the testimony does not show Appellant committed crimes or bad acts, other than those
for which he was on trial, it does not reveal extraneous offense evidence. There was subsequent
evidence that 3410 Overton Court was a "crack house" where Appellant sold drugs.
Â Â Â Â Â Â The trial judge did not err in overruling Appellant's objection. In any event, the admission
of the evidence was harmless under Tex. R. App. P. 81(b)(2). Point three is overruled in both
cases.
Â Â Â Â Â Â Judgments in both cases are affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â FRANK G. McDONALD
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice (Retired)

Before Justice Cummings,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed August 21, 1996
Do not publish 



tyle='font-family:"CG Times"'>Scope of Consent

   Montanez finally contends that BridgesÂs
decision to require him to drive to the task forceÂs headquarters to inspect
the gas tank and the search of the gas tank at that location exceeded the scope
of the consent given.

Â Â Â Â Â Â Â Â Â  Absent an officerÂs request or a
suspectÂs consent limiting a search to a particular area of a vehicle, such as
the trunk or passenger compartment, a request to search Âthe carÂ reasonably
includes all areas of the vehicle and excludes none.Â  When an officer
specifically asks a suspect if he can search a vehicle for illegal contraband,
and the suspect answers affirmatively, a reasonable person would construe the
consent to extend to any area of the vehicle in which such objects could be
concealed.

Â 

State v. Garrett, 177 S.W.3d 652, 657-58 (Tex. App.ÂHouston [1st Dist.] 2005, pet. refÂd) (citations omitted); accord Florida v. Jimeno,
500 U.S. 248, 251, 111 S. Ct. 1801, 1804, 114 L. Ed. 2d 297 (1991); Vargas
v. State, 18 S.W.3d 247, 253-54 (Tex. App.ÂWaco 2000, pet. refÂd); Cardenas
v. State, 857 S.W.2d 707, 711 (Tex. App.ÂHouston [14th Dist.] 1993, pet.
refÂd).

Â Â Â Â Â Â Â Â Â  Montanez placed no express limits on
the scope of his consent, and Bridges apparently did not expressly tell
Montanez that he wanted to search for narcotics.Â  Nevertheless, it is
objectively reasonable that an unlimited consent to search a vehicle will
extend to every part of the vehicle within which contraband may be hidden.Â  See
id.

Â Â Â Â Â Â Â Â Â  Thus, we cannot say that the court
abused its discretion by concluding that BridgesÂs decision to require Montanez
to drive to the task forceÂs headquarters so the gas tank could be more closely
inspected and the search of the gas tank at that location did not exceed the
scope of the consent given.

Accordingly, we overrule MontanezÂs sole issue
and affirm the judgment.

Â 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Justice
Vance dissenting)

Affirmed

Opinion delivered and
filed November 8, 2006

Publish

[CR25]

Â 

Â 









[1]
Â Â Â Â Â Â Â Â Â  Conversely, the Âobstructed
license plateÂ allegation does not appear to have been a traffic violation
under the law in effect in 2000 when Montanez was arrested.Â  See Act of
May 30, 1999, 76th Leg., R.S., ch. 1189, Â§ 17, 1999 Tex. Gen. Laws 4153, 4161
(amended 2003) (current version at Tex. Transp.
Code Ann. Â§ 502.409 (Vernon Supp. 2006)); United States v.
Granado, 302 F.3d 421, 423-24 (5th Cir. 2002).