MEMORANDUM OPINION
 

No. 04-03-00709-CR

John Douglas EVERETT,
Appellant

v.

The STATE of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 03-0561-CR
Honorable Dwight E. Peschel, Judge Presiding
 
Opinion by:    Phylis J. Speedlin, Justice
 
Sitting:            Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   February 2, 2005 

AFFIRMED
            John Douglas Everett appeals from his conviction for aggravated sexual assault, sexual
assault, and indecency with a child, and his resulting sentence of seventy years imprisonment. On
appeal, Everett asserts he was denied effective assistance of counsel. We affirm the trial court’s
judgment. 
 
Background
            In October 2002, a student at Navarro High School in Seguin, Texas reported to her high
school counselor that her friend feared that she might be pregnant and that the father of the baby was
believed to be the friend’s father, John Everett. The counselor interviewed the student referred to
in the complaint, and her sister. Based on her interviews of the girls, the counselor contacted Child
Protective Services and a second interview of the children was conducted by a CPS investigator. 
The two girls were then examined and interviewed by a nurse at the Guadalupe Valley Hospital later
that same day. The hospital nurse provided the results of her examination to the medical director
of the Alamo Children’s Advocacy Center, a specialist in the areas of child sexual and physical
abuse. 
            In April 2003, Everett was charged by indictment with aggravated sexual assault, sexual
assault, and indecency with a child based on several incidents involving his two daughters who were
ages fifteen and sixteen at the time of his trial. The jury convicted Everett on all counts and assessed
punishment at a total of seventy years incarceration.



Analysis
            On appeal, Everett asserts he was denied effective assistance of counsel in violation of his
rights under the Sixth Amendment to the United States Constitution and Art. I, § 10 of the Texas
Constitution. U.S. Const. amend. VI; Tex. Const. art. I, § 10. Because we hold that Everett has
failed to establish ineffective assistance of counsel as required by Strickland v. Washington, we
overrule his complaint on appeal. See Strickland v. Washington, 466 U.S. 668, 687 (1984). 
            To establish ineffective assistance of counsel in a non-capital criminal trial, a defendant must
show by a preponderance of the evidence that: (1) his trial counsel’s performance was deficient, and
(2) the deficient performance prejudiced him to such a degree as to deprive him of a fair trial. 
Strickland, 466 U.S. at 687; see Hernandez v. State, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App.
1999); see also Harling v. State, 899 S.W.2d 9, 12 (Tex. App. — San Antonio 1995, pet. ref’d). The
Strickland standard applies to claims of ineffective assistance during both the guilt/innocence and
punishment phases of trial. Hernandez, 988 S.W.2d at 771. 
            To establish deficient performance, the first prong of the Strickland standard, the defendant
must show that counsel’s performance fell below an objective standard of reasonableness and must
rebut the presumption that counsel’s trial decisions were based on sound trial strategy. Thompson
v. State, 9 S.W.3d 808, 812-14 (Tex. Crim. App. 1999). An appellate court does not view trial
counsel’s performance in hindsight; rather, it is judged based upon the facts of the particular case
as viewed at the time of counsel’s conduct. Delrio v. State, 840 S.W.2d 443, 445 (Tex. Crim. App.
1992). To satisfy this prong, any allegations of ineffectiveness must be firmly founded in the record. 
Thompson, 9 S.W.3d at 813. The appellate court does not look at isolated acts or omissions to
determine effectiveness, but reviews the totality of the representation. Id.; Harling, 899 S.W.2d at
12. 
            To satisfy the second prong of the Strickland standard, the defendant must establish
prejudice. Hernandez, 988 S.W.2d at 772. “Prejudice, in this context, is demonstrated when the
defendant shows a reasonable probability that, but for counsel’s unprofessional errors, the result of
the proceeding would have been different.” Harling, 899 S.W.2d at 12 (citing Holland v. State, 761
S.W.2d 307, 314 (Tex. Crim. App. 1988)). A reasonable probability is one sufficient to undermine
confidence in the outcome of the proceeding. Thompson, 9 S.W.3d at 812. Failure to make the
required showing of either Strickland prong, deficient performance or sufficient prejudice, will
defeat a claim for ineffective assistance of counsel. Id. at 813.
Failure to Conduct an Independent Investigation of the Facts
            Everett contends that his trial counsel’s performance was deficient because he failed to
conduct an independent investigation of the facts of the case – specifically, Everett claims his trial
counsel failed to interview any of the State’s witnesses, interview or subpoena potential witnesses
in Everett’s defense, investigate potential punishment evidence, and subpoena available evidence. 
It is well settled that trial counsel has a duty to make a reasonable investigation into the facts of the
case or to make a reasonable decision that makes particular investigation unnecessary. McFarland
v. State, 928 S.W.2d 482, 501 (Tex. Crim. App. 1996) (citing Strickland, 466 U.S. at 691). This duty
includes a responsibility to seek out and interview potential witnesses. Ex parte Welborn, 785
S.W.2d 391, 393 (Tex. Crim. App. 1990); see alsoCantu v. State, 993 S.W.2d 712, 718 (Tex. App.
— San Antonio 1999, pet. ref’d). However, an appellant claiming ineffective assistance based on
failure to investigate must show how his representation would have improved from further
investigation. Paez v. State, 995 S.W.2d 163, 171 (Tex. App. — San Antonio 1999, pet. ref’d). The
failure to investigate will be considered ineffective assistance only if the consequence was an
inability to advance the only viable defense available to the accused, and there is a reasonable
probability that, but for counsel’s failure to advance the defense, the outcome would have been
different. Cantu, 993 S.W.2d at 718 (citing Strickland, 466 U.S. at 694; McFarland, 928 S.W.2d
at 501). 
            At the hearing on the motion for new trial, counsel testified that he made efforts to interview
a number of the State’s witnesses, but several of them refused to talk to him. We cannot fault
appellant’s trial counsel for the reluctance of State witnesses to speak to him. With respect to other
State witnesses, Everett’s trial counsel testified that he made a conscious decision not to interview
several of them. This decision was based on his desire not to alert the witnesses or the State to his
defense strategy, and a concern that pre-trial interviews would allow the witnesses to better prepare
their responses. Because trial counsel made a conscious decision not to interview certain State
witnesses based upon a reasonable trial strategy, we cannot say that this amounted to ineffective
assistance. In reviewing the performance of trial counsel, we will not second guess counsel’s tactical
decisions which do not fall below an objective standard of reasonableness. See Young v. State, 991
S.W.2d 835, 837 (Tex. Crim. App. 1999); Turner v. State, No. 04-03-00436-CR, 2004 WL 1881748,
at *5 (Tex. App. — San Antonio Aug. 25, 2004, no pet.)(not designated for publication). 
            The record suggests that Everett’s trial counsel also articulated a reasonable basis for not
presenting additional witnesses or evidence in Everett’s defense in both the guilt/innocence and
punishment phases of trial. Counsel testified that, even without additional testimony from a medical
expert or the school or counseling records of the children, he believed he had presented sufficient
information through cross-examination of the State’s witnesses to raise a reasonable doubt in the
minds of the jurors as to his client’s guilt. In addition, he testified that the motivation for his
decision was to protect his client from potentially damaging information that could have been
presented to the jury had he called available character witnesses to testify. See Duren v. State, 87
S.W.3d 719, 733 (Tex. App.—Texarkana 2002, no pet.). Counsel made the conscious decision not
to call additional witnesses based upon his assessment of the strength of the State’s case, his
interviews with Everett and other family members, and his awareness of the existence of certain
derogatory information that he did not want presented to the jury. Counsel further testified that he
had not wanted to inflame the jury against his client by bringing character witnesses to testify that
his client, whom they had just convicted of sexually abusing his daughters, was “a good guy.” The
record therefore establishes that counsel had a reasonable trial strategy for not presenting additional
witnesses and evidence in his client’s defense. Counsel’s conduct does not constitute ineffective
assistance of counsel. See Thompson, 9 S.W.3d at 812-14; Delrio, 840 S.W.2d at 445.
Failure to Prepare for Trial
            Everett also contends that his trial counsel’s performance was deficient because he failed to
adequately prepare for trial – specifically, that he failed to file any pre-trial motions and failed to
prepare Everett for his testimony at the guilt/innocence and punishment phases of trial. 
            The failure to file pre-trial motions is not categorically deemed ineffective assistance because
trial counsel may elect not to file pre-trial motions as part of a reasonable trial strategy. Mares v.
State, 52 S.W.3d 886, 891 (Tex. App. — San Antonio 2001, pet. ref’d). Everett’s trial counsel
testified as to his reasons for not filing pre-trial motions in this case. Specifically, counsel stated that
he did not perceive a need to file discovery or Brady motions because of the open file policy of the
district attorney; he did not file any motions in limine because of his desire to keep his trial strategy
and certain unfavorable information concealed from the State; and he did not file any motion to
challenge the admissibility of the testimony of the State’s alleged outcry witnesses so that he could
use the details of the various witnesses’ statements to reveal inconsistencies in the complainants’
versions of the events. The fact that another attorney might have pursued a different strategy or tried
the case differently does not support a finding of ineffective assistance of counsel. Id. Trial
counsel’s actions with respect to pre-trial motions were based upon an articulated trial strategy. 
Judging counsel’s performance on the facts of this case at the time of counsel’s conduct, we cannot
conclude that the failure to file pre-trial motions constituted deficient performance under the first
prong of Strickland. Strickland, 466 U.S. at 687.
            Everett further contends that his trial counsel’s performance was deficient for failing to
prepare him to testify at both phases of his trial. However, counsel was not asked about this specific
allegation at the motion for new trial hearing, and there is nothing in the record to show counsel’s
reasoning or how additional preparation could have affected the outcome of the trial. During the
guilt/innocence phase, Everett’s testimony was brief. He denied any sexual abuse of his daughters,
discussed his history of discipline problems with them, and his efforts to raise them properly as a
single father. During the punishment phase, Everett testified that he was seeking probation and that
if it was granted he would abide by any restrictions imposed. Everett does not suggest how his
testimony would have improved if he had additional preparation, making it impossible for us to
conclude that, but for the attorney’s conduct in this regard, the outcome of the proceeding would
have been different. Without a showing of prejudice, we cannot conclude that trial counsel’s
preparation of Everett as a witness constituted ineffective assistance of counsel. See Thompson, 9
S.W.3d at 813. 
Errors and Omissions at Trial
            Everett contends that his trial counsel’s performance was deficient because he failed to object
to inadmissible hearsay testimony from the State’s witnesses, failed to object to the testimony of four
State witnesses as bolstering the credibility of the complainants, failed to object to the presentation
of victim impact evidence at the guilt/innocence phase, failed to provide evidence in support of his
request for probation at the punishment phase, failed to challenge the admissibility of outcry witness
testimony pursuant to art. 38.072 of the Texas Code of Criminal Procedure, and failed to object to
the State’s use of multiple outcry witnesses. See Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon
Supp. 2004-05)(providing requirements for admissibility of statements made by a sexual abuse
victim who was under age twelve at the time of the offense). 
            The record is silent as to trial counsel’s reasons for failing to object to purportedly
inadmissible hearsay, testimony bolstering the credibility of the complainants, and the presentation
of victim impact evidence at the guilt/innocence phase. The record does reflect counsel’s strategy
of using the testimony of the various State witnesses to point out inconsistencies in the
complainants’ various statements. In the absence of a developed evidentiary record, however, it is
extremely difficult to show that trial counsel’s performance was deficient. Rylander v. State, 101
S.W.3d 107, 110-11 (Tex. Crim. App. 2003). Counsel’s conduct must be presumed to fall within
the wide range of reasonable professional assistance. Thompson, 9 S.W.3d at 813. To find trial
counsel ineffective without a proper record exploring counsel’s trial strategy would require this court
to speculate as to counsel’s motivation and reasoning, which we may not do. Without evidence in
the record to both establish deficiency and rebut the prevailing presumption of reasonable assistance,
Everett is unable to satisfy the first prong of Strickland. See id. at 814; Jackson v. State, 973 S.W.2d
954, 957 (Tex. Crim. App. 1998) (trial record is often particularly inadequate to reflect the failings
of trial counsel when the errors complained of are errors of omission). Because the record does not
affirmatively demonstrate that these specific omissions were attributable to ineffectiveness, the
presumption of reasonable professional assistance has not been defeated. Thompson, 9 S.W.3d at
813. 
            Everett also contends that his counsel’s performance was deficient because he failed to call
witnesses during the punishment phase in support of Everett’s motion for community supervision. 
In order to show that counsel was ineffective for failure to call witnesses, the evidence must show
that the witnesses were available and the defendant would have benefitted from their testimony. See
King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); Mares, 52 S.W.3d at 892. Everett asserts
that there were a number of character witnesses available to testify on his behalf at the punishment
phase in support of his request for probation. While the record establishes that all but one of these
witnesses would likely have been available to testify, it does not establish that Everett would have
benefitted from their testimony. Several of the witnesses testified that they believed that if probation
were assessed, Everett would be able to follow the rules of probation. None of the witnesses,
however, were able to identify what the rules of probation might be, nor was there any evidence as
to the basis for their opinions other than their acquaintance with Everett for a number of years. 
Everett’s trial counsel testified that he made a decision not to put on character witnesses during the
punishment phase because he was afraid that some extraneous derogatory information about his
client might come out before the jury and because he did not want to irritate the jury by presenting
testimony that he was “a good guy” given the nature of his conviction. Based on the record before
us, we cannot say that this decision was not based on sound trial strategy; therefore, Everett has
failed to prove that counsel’s performance in this regard was deficient. In addition, these is no
evidence that had counsel called these witnesses during the punishment phase, the outcome would
have been different. Without a showing of prejudice, we cannot conclude that the failure to call
additional witnesses at punishment constituted ineffective assistance of counsel. See Thompson, 9
S.W.3d at 813. 
            Everett further contends that his trial counsel’s failure to challenge the admissibility of the
State’s outcry witness testimony under art. 38.072 and his failure to challenge the State’s use of
multiple outcry witnesses also constituted deficient performance. As a general rule, hearsay is not
admissible unless it falls within an exception provided by statute or the Rules of Evidence. Tex. R.
Evid. 802. Article 38.072 does provide a statutory exception to the hearsay rule for the first
statement made to a person over the age of eighteen by a child victim of certain sexual offenses. See
Tex. Code Crim. Proc. Ann. art. 38.072. A defendant can require the trial court to conduct a
hearing, outside the presence of the jury, to determine the reliability of the outcry statement prior to
its admission at trial. See id.; see also Long v. State, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990)
(requirements of article 38.072 are mandatory, and must be complied with in order for statement to
be admissible over a hearsay objection). Here, no hearing was requested or conducted, and the State
presented testimony from three witnesses designated as outcry witnesses without a defense objection.
            The Court of Criminal Appeals has held that the proper outcry witness under the statute is
the first adult to whom the child makes a statement that describes the alleged offense in some
discernible manner. Garcia v. State, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990); Reed v. State, 974
S.W.2d 838, 841 (Tex. App.—San Antonio 1998, pet. ref’d). Texas courts have also held, however,
that statements from more than one outcry witness may be admissible under art. 38.072 if the outcry
made to each of the witnesses involves a description of different events and is not merely a repetition
of the same event. See Matthews v. State, Nos. 12-03-00435-CR and 12-03-00441-CR, 2004 WL
2721718, at *3 (Tex. App.—Tyler Nov. 30, 2004, no pet. h.); Josey v. State, 97 S.W.3d 687, 693
(Tex. App.—Texarkana 2003, no pet.); Tear v. State, 74 S.W.3d 555,559 (Tex. App.—Dallas 2002,
pet. ref’d), cert. denied, 538 U.S. 963 (2003); Hernandez v. State, 973 S.W.2d 787, 789 (Tex.
App.—Austin 1998, pet. ref’d). Therefore, it would have been within the trial court’s discretion to
allow more than one outcry witness to testify if each outcry witness had information about a different
incident of sexual contact between the defendant and one of the complainants. Reed, 974 S.W.2d
at 841 (trial court has broad discretion in determining who qualifies as an outcry witness).
            The three witnesses designated as outcry witnesses in this case were the school counselor,
the Child Protective Services investigator, and the examining nurse from Guadalupe Valley Hospital. 
Had Everett’s attorney challenged the admissibility of multiple outcry witnesses in this case, the
school counselor would likely not have qualified as a proper outcry witness. The victims’ statements
to her were no more than general references to sexual contact and they did not give specific
information about a particular instance that could have formed the basis for the charged offenses. 
See Reed, 974 S.W.2d at 841. The statements made to the child protective investigator were more
detailed and included dates, locations, frequency of occurrence, and specific behaviors by the
defendant. This would tend to make the child protective investigator a proper outcry witness under
art. 38.072. The statements made to the nurse also contained information regarding specific
instances of sexual contact and did not entirely overlap with those related to the child protective
investigator. In addition, the nurse’s testimony could also have been admissible under the exception
to the hearsay rule that provides for the admissibility of statements made for the purpose of medical
diagnosis and treatment. Tex. R. Evid. 803 (4). 
            Everett’s trial counsel testified that his strategy in allowing the State to present the hearsay
testimony of these three outcry witnesses was to use their testimony to point out the inconsistencies
in the statements made by the victims. The fact that another attorney might have pursued a different
strategy or tried the case differently does not support a finding of ineffective assistance of counsel. 
Mares, 52 S.W.3d at 890. In addition, even if counsel’s failure to challenge the admissibility of the
witnesses’ statements was conduct that fell below an objective standard of reasonableness, without
a showing of prejudice, we cannot conclude that Everett received ineffective assistance of counsel. 
See Thompson, 9 S.W.3d at 813; Wylie v. State, 908 S.W.2d 307, 309 (Tex. App.—San Antonio
1995, pet. ref’d) (appellant failed to show prejudice resulting from failure to object to inadmissible
hearsay where the victim also testified and there was no evidence that the appellant’s attorney was
surprised by the testimony of the outcry witness). When the inadmissible testimony is disregarded,
if the remaining evidence is still sufficient to support a jury finding of guilt, then the appellant has
failed to show prejudice. See Alvarado v. State, 775 S.W.2d 851, 855-56 (Tex. App.—San Antonio
1989, pet. ref’d). In this case, we cannot say that the jury was exposed to inadmissible testimony
which greatly exceeded the properly admitted evidence supporting Everett’s guilt. C.f., Alvarado,
775 S.W.2d at 856. Everett has failed to demonstrate prejudice from trial counsel’s failure to
challenge the admissibility of these witnesses’ testimony. Accordingly, we cannot say that this
conduct amounted to ineffective assistance of counsel. 
Conclusion
            Viewing the totality of trial counsel’s representation, we conclude Everett has failed to
establish both prongs of his ineffective assistance of counsel claim as required by Strickland v.
Washington; accordingly, we overrule his complaint on appeal. See Strickland, 466 U.S. at 687. The
judgment of the trial court is affirmed.  
 
Phylis J. Speedlin, Justice


Do Not Publish