MEMORANDUM OPINION


No. 04-04-00497-CR

Esteban HERNANDEZ,
Appellant

v.

The STATE of Texas,
Appellee

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 02-10-8763-CR
Honorable Mickey R. Pennington, Judge Presiding



 
Opinion by:    Phylis J. Speedlin, Justice
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   February 23, 2005

AFFIRMED
            Esteban Hernandez was found guilty of indecency with a child by a jury, and sentenced to
five years incarceration by the trial judge. Hernandez’s only complaint on appeal is that he was
denied effective assistance of counsel at trial. We affirm the judgment of the trial court. 
Factual and Procedural Background
            Hernandez was charged by indictment with indecency with a child by contact. See Tex. Pen.
Code Ann. § 21.11 (a)(1) (Vernon 2003). The charges stem from an incident in which Hernandez
was accused of touching the breasts and genitals of a minor at his residence in Medina County. The
case was tried to a jury; however, Hernandez elected prior to trial to have punishment assessed by
the judge. Hernandez pled not guilty at the commencement of trial. Following the jury’s guilty
verdict, a presentence investigation report was completed. The judge subsequently sentenced
Hernandez to five years incarceration, with credit for time served.
            Hernandez’s only complaint on appeal, presented in two issues, is that he was denied
effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments
to the United States Constitution, and Art. I, § 10 of the Texas Constitution. U.S. Const. amend.
VI, XIV; Tex. Const. art. I, § 10. Specifically, Hernandez complains that he received ineffective
assistance due to trial counsel’s: (1) provision of incorrect legal advice regarding punishment;


 (2)
failure to object to testimony regarding Hernandez’s incarceration; (3) cross-examination of the
complaining witness regarding her statement to police which was not then in evidence; and (4)
questioning of a witness in a way that bolstered the credibility of the complainant. Because we find
that Hernandez has failed to establish ineffective assistance of counsel as required by Strickland v.
Washington, we affirm the judgment of the trial court. See Strickland v. Washington, 466 U.S. 668,
687 (1984).
Analysis
            To establish ineffective assistance of counsel in a non-capital criminal trial, a defendant must
show by a preponderance of the evidence that (1) his trial counsel’s performance was deficient, and
(2) the deficient performance prejudiced him to such a degree as to deprive him of a fair trial. 
Strickland, 466 U.S. at 687; see Hernandez v. State, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App.
1999); see also Harling v. State, 899 S.W.2d 9, 12 (Tex. App. —San Antonio 1995, pet. ref’d). To
establish deficient performance, the first prong of the Strickland standard, the defendant must show
that counsel’s performance fell below an objective standard of reasonableness, and must rebut the
presumption that counsel’s trial decisions were based on sound trial strategy. Thompson v. State,
9 S.W.3d 808, 812-14 (Tex. Crim. App. 1999). To satisfy this prong, any allegations of
ineffectiveness must be firmly founded in the record. Id. at 813. The appellate court does not look
at isolated acts or omissions to determine effectiveness, but reviews the totality of the representation. 
Id.; Harling, 899 S.W.2d at 12. 
            Hernandez did not file a motion for new trial raising his claims of ineffective assistance, and
the record is therefore silent as to trial counsel’s reasons for any acts or omissions in his
representation of Hernandez at trial. In the absence of a developed evidentiary record, it is extremely
difficult to show that trial counsel’s performance was deficient. Rylander v. State, 101 S.W.3d 107,
110-11 (Tex. Crim. App. 2003). Counsel’s conduct must be presumed to fall within the wide range
of reasonable professional assistance. Thompson, 9 S.W.3d at 813. To find Hernandez’s trial
counsel ineffective without a proper record exploring counsel’s trial strategy would require this court
to speculate as to counsel’s motivation and reasoning, which we may not do. Without evidence in
the record to both establish deficiency and rebut the prevailing presumption, Hernandez is unable
to satisfy the first prong of Strickland. See id. at 814; Jackson v. State, 973 S.W.2d 954, 957 (Tex.
Crim. App. 1998) (trial record is often particularly inadequate to reflect the failings of trial counsel
when the errors complained of are errors of omission). 
            Even if there was deficient performance on the part of his trial counsel, Hernandez has also
failed to establish prejudice – the second prong of Strickland. “Prejudice, in this context, is
demonstrated when the defendant shows a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different.” Harling, 899 S.W.2d
at 12 (citing Holland v. State, 761 S.W.2d 307, 314 (Tex. Crim. App. 1988)). 
            Where an ineffective assistance claim is based on a complaint that trial counsel
misunderstood the law regarding availability of probation pursuant to article 42.12, section 3g of the
Code of Criminal Procedure, “more must be apparent from the record than trial counsel’s mere
mistake.” State v. Recer, 815 S.W.2d 730, 731 (Tex. Crim. App. 1991). The record must establish
that (1) the defendant would have otherwise been eligible to receive probation; (2) counsel’s advice
to request that punishment be assessed by the judge was not part of a sound trial strategy; (3) the
defendant’s decision to have punishment assessed by the judge was based on trial counsel’s
erroneous advice; and (4) the defendant’s decision regarding punishment would have been different
had he been correctly advised of the law. Id. at 731-32. Because the record before us fails to
establish why the election was made, whether it was part of a valid trial strategy, and that Hernandez
would have elected to have the jury assess punishment had he been properly advised, we cannot
conclude that this mistake on the part of Hernandez’s trial counsel amounted to ineffective
assistance.


 Id. at 732. While reversal has been required on the basis of a single serious error in
certain circumstances, we do not find such grievous error in this case. See Jackson v. State, 766
S.W.2d 504, 514 (Tex. Crim. App. 1985) (modified on other grounds on remand from U.S. Supreme
Court, Jackson v. State, 766 S.W.2d 518 (Tex. Crim. App. 1988)); Thompson, 9 S.W.3d at 813. 
            With respect to the other claimed errors, the record is equally insufficient for us to conclude
that the outcome of Hernandez’s trial would have been different had his trial counsel performed
differently. The fact that another attorney might have pursued a different strategy or tried the case
differently does not support a finding of ineffective assistance of counsel. Mares v. State, 52 S.W.3d
886, 890-91 (Tex. App.—San Antonio 2001, pet. ref’d). The record contains nothing to support a
conclusion that Hernandez received ineffective assistance based upon the totality of the
representation he received. Thompson, 9 S.W.3d at 813; Harling, 899 S.W.2d at 12. 
            Failure to make the required showing of either deficient performance or sufficient prejudice
will defeat a claim for ineffective assistance of counsel. Thompson, 9 S.W.3d at 813. Hernandez
has failed on both accounts. For the reasons discussed above, we affirm the judgment of the trial
court. 
Phylis J. Speedlin, Justice

DO NOT PUBLISH