**David Stanley HARLING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–94–00048–CR.**

Court of Appeals of Texas,
San Antonio.

March 8, 1995.

Rehearing Denied March 27, 1995.

Discretionary Review Refused
Aug. 23, 1995.

Kevin P. Yeary, San Antonio, for appellant.

1. Justice David Peeples not participating.

Steven C. Hilbig, Crim. Dist. Atty., Daniel Thornberry, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before CHAPA, C.J., and
HARDBERGER and PEEPLES,[1] JJ.

## OPINION

HARDBERGER, Justice.

The Appellant, David Stanley Harling, was indicted for the offense of sexual assault of a child to which he pled guilty pursuant to a plea bargain agreement. Punishment was assessed at ten (10) years confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court gave permission to appeal and the appellant's notice of appeal recites that fact. Therefore, this court has jurisdiction. *See* TEX.R.APP.P. 40(b)(1).

### Adjudication of Guilt

The appellant alleges in his first point of error that the trial court erred in sentencing the appellant prior to adjudicating him guilty of the offense charged. In his second point of error, appellant complains that he was improperly adjudicated of the offense in his absence.

The appellant pled guilty pursuant to a plea bargain agreement on November 15, 1993. One of the terms of the agreement was that the State would remain silent on appellant's applications for deferred adjudication or adult probation. The appellant applied for deferred adjudication and adult probation. The trial court admonished the appellant, accepted the plea and heard the State's evidence. The trial court then stated:

I will find the evidence to be sufficient, will defer any adjudication of the matter pending receipt of a presentence report. . . .

A presentence report was prepared by the probation officer recommending against the granting of probation. On January 6, 1994, the court conducted the sentencing hearing. The appellant attempted to withdraw his guilty plea but the court denied the request. The trial court then sentenced the appellant

to ten years confinement. The court signed the judgment on January 13, 1994. Appellant now urges that he was in reality only found guilty on January 13 because of the lack of an oral pronouncement of guilt on January 6. Thus he contends that he was sentenced prior to a finding of guilty, and was not present at sentencing. The State argues that the appellant's contention is erroneous because the trial court necessarily or impliedly found the appellant guilty when he sentenced the appellant to ten years confinement on January 6, 1994.

This issue was decided in *Villela v. State,* 564 S.W.2d 750, 751 (Tex.Crim.App.1978), wherein the court stated:

> When the trial judge, after admonishing the appellant, accepting appellant's pleas, and hearing the State's evidence, held the assessment of punishment in abeyance and ordered a presentence investigation, he *necessarily implied* that he had found the appellant guilty in each case.

*Villela,* 564 S.W.2d at 751 (emphasis in original). There is no meaningful distinction between the facts of this case and *Villela.* Therefore, *Villela* controls the resolution of this case.

We recognize that *Warren v. State,* 784 S.W.2d 56 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd) distinguishes the *Villela* opinion and reaches a different result. However, *Warren* is factually distinguishable from the present case. The defendant in *Warren* was indicted in two separate causes for felony theft. The defendant pled guilty in one cause and applied for deferred adjudication. The trial court deferred finding the defendant guilty and reset the case for a presentencing report. At the sentencing hearing the trial court sentenced the accused to prison and recited in the record that he had previously found the defendant guilty at the plea hearing. Moreover, the judgment contained contradictory recitals; both that the trial court had deferred the finding of guilt and that the trial court had found the defendant guilty. *Id.* There is no such conflict in the judgment in the instant case; the judgment clearly recites that the trial court found the appellant guilty.

In this case, the trial court fully admonished the appellant, accepted his guilty plea, and received the State's evidence. However, the trial court specifically reserved a finding of guilt at the November 15, 1993 hearing because of appellant's application for deferred adjudication. The trial court "necessarily" found appellant guilty at the January 6, 1994 hearing when it sentenced him to confinement in the penitentiary. *See Villela,* 564 S.W.2d at 751. The judgment, however, recites that the trial court found the appellant guilty on November 15, 1994. We have sufficient evidence from the record before us to reform the judgment to reflect that the appellant was found guilty on January 6, 1994. *See Williams v. State,* 796 S.W.2d 793, 800 (Tex.App.—San Antonio 1990, no pet.); Tex.R.App.P. 80(b). Appellant's first and second points of error are overruled.

## Withdrawal of Guilty Plea

The appellant alleges in his third point of error that the trial court erred in refusing appellant's request to withdraw his guilty plea when the request was made before the court finished taking evidence and argument on the issue of guilt. The State argues that the trial court was within its discretion to deny appellant's request.

As previously discussed, the appellant pled guilty on November 15, 1993. The trial court accepted the pleas, but deferred a finding of guilt and ordered a presentence report to be prepared. Subsequently a presentence report advising the court to deny the application for deferred adjudication and probation was submitted by the probation office. At the sentencing hearing on January 6, 1994, appellant attempted to withdraw his guilty plea by telling the court that he was under the expectation that he was going to get probation. However, appellant admitted that no one told him he would get probation.

■ A defendant may withdraw his plea of guilty as a matter of right without assigning reason any time before judgment has been pronounced or the case has been taken under advisement. *Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim.App.1979). After that time, withdrawal of the plea is within the discretion of the trial court. *Id.*

Appellant argues that resetting a case for a presentence investigation report does not constitute taking a case under advisement. In support of this proposition, appellant cites *Ralls v. State*, 151 Tex.Crim. 146, 205 S.W.2d 594 (1947). However, *Ralls* is not applicable because it was decided long before the modern sentencing scheme came into effect. There was no deferred adjudication and bifurcated criminal trials then. It is well-settled law that after a court has admonished the defendant, received the guilty plea and received the evidence, passing the case for a presentence investigation is "taking the case under advisement." *Jackson v. State*, 590 S.W.2d 514, 515 (Tex.Crim.App. [Panel Op.] 1979); *DeVary v. State*, 615 S.W.2d 739, 740 (Tex.Crim.App. [Panel Op.] 1981); *Davis v. State*, 861 S.W.2d 25, 27 (Tex.App.—Houston [14th Dist.] 1993); *Thompson v. State*, 852 S.W.2d 268, 270 (Tex.App.—Dallas 1993, no pet.). Following these cases, we find that here the trial court had taken the case under advisement when it reset the case on November 15, 1993 for a presentence investigation. Because appellant's request to withdraw his plea was untimely, the trial court did not abuse its discretion in denying such a request. Appellant's third point of error is overruled.

### Ineffective Assistance of Counsel

In his fourth and final point of error, appellant complains that he was denied the effective assistance of counsel at trial. Appellant alleges that his trial counsel was ineffective for the following reasons:

1. Counsel failed to adequately consult with his client.

2. Counsel failed to investigate or pursue a possible promiscuity defense.

3. Counsel failed to obtain the appointment of an investigator to obtain defense witnesses.

4. Counsel failed to file a Motion for Reduction in Bail.

5. Counsel allowed appellant to plead guilty even though he was not 100 percent certain that appellant knew and understood the effect and consequences of his plea.

6. Counsel failed to object to his client being sentenced prior to a pronouncement of his guilt.

The court of criminal appeals has adopted the test for ineffective assistance of counsel first enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Holland v. State*, 761 S.W.2d 307, 314 (Tex.Crim.App.1988), *cert. denied*, 489 U.S. 1091, 109 S.Ct. 1560, 103 L.Ed.2d 863 (1989); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex.Crim.App.1986). Under this test, a convicted defendant must show that (1) his trial counsel's performance was deficient, and (2) the deficient performance prejudiced the defense to such a degree that he was deprived of a fair trial. *Holland v. State*, 761 S.W.2d at 314; *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex.Crim.App.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). Prejudice, in this context, is demonstrated when the defendant shows a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Holland v. State*, 761 S.W.2d at 314, *Wilkerson v. State*, 726 S.W.2d at 548 n. 3. Whether a defendant has received effective assistance of counsel is to be judged by the totality of the representation, not isolated acts or omissions of trial counsel. *Wilkerson v. State*, 726 S.W.2d at 548.

The appellant's first allegation concerns lack of adequate consultation between trial counsel and appellant. The record is conflicting on how many times appellant and his trial counsel spoke on the phone. However, it is undisputed that appellant and trial counsel spoke at least once prior to the hearing on November 15. The appellant fails to show how further meetings with counsel would have benefitted his defense. *See Perrett v. State*, 871 S.W.2d 838, 841 (Tex.App.—Houston [14th Dist.] 1994, no pet.).

The appellant asserts in his second and third allegations that his counsel should have pursued a promiscuity defense, and should have sought out witnesses. The record shows that the victim was a sixteen year old boy. The appellant apparently told counsel and the probation officer that the

victim had admitted to being a homosexual. The defense of promiscuity requires proof that the complainant had engaged in consensual sexual relations with a variety of partners, continuing over a reasonable period of time. *See Rankin v. State,* 821 S.W.2d 230, 234 (Tex.App.—Houston [14th Dist.] 1991, no pet.); *Wimer v. State,* 717 S.W.2d 468, 469 (Tex.App.—San Antonio 1986, no pet.). The fact that the victim may have been a homosexual does not establish that he was promiscuous, and does not even establish that he had ever had a previous sexual encounter.

■ Appellant's allegation that counsel should have done more to locate witnesses is not meritorious because the record contains no indication of who these witnesses were and what testimony favorable to appellant they could have provided. *See Holland v. State,* 761 S.W.2d 307, 319 (Tex.Crim.App. 1988); *King v. State,* 649 S.W.2d 42, 44 (Tex. Crim.App.1983).

■ Counsel's failure to move for a reduction in bail also does not constitute ineffective assistance of counsel. Appellant is required to show that he would have benefitted from the filing of the motion. *See Passmore v. State,* 617 S.W.2d 682, 685 (Tex. Crim.App.1981); *Gallegos v. State,* 754 S.W.2d 485, 487 (Tex.App.—Houston [1st Dist.] 1988, no pet.). The amount of bail is left to the trial court's discretion. *See Patterson v. State,* 841 S.W.2d 534, 534–35 (Tex. App.—Houston [1st Dist.] 1992 pet. ref'd). There is no indication in the record that the bail, which was apparently set at $10,000 was unreasonable. The appellant has failed to establish that a motion for reduction in bail would have been meritorious.

The appellant alleges that his trial counsel was uncertain whether the appellant knew and understood the effect and consequences of his plea. The record reveals that appellant's trial counsel believed that appellant understood everything that was happening to him. Appellant testified at the motion for new trial hearing that it was his "understanding" that he would receive probation or deferred adjudication. However, at the sentencing hearing, appellant told the judge that no one had told him he would receive probation or deferred adjudication.

■ Appellant is essentially arguing under the guise of ineffective assistance of counsel that his plea was involuntary. But because the appellant was fully admonished prior to the acceptance of the plea, he has the burden to establish that this plea was involuntary. *See Ex Parte Gibauitch,* 688 S.W.2d 868, 871 (Tex.Crim.App.1985). This is a heavy burden when the defendant, as has appellant, attested in the trial court that his plea was voluntary. *See Ford v. State,* 845 S.W.2d 315, 316 (Tex.App.—Houston [1st Dist.] 1992); *Sawyer v. State,* 778 S.W.2d 541, 543 (Tex.App.—Corpus Christi 1989, pet. ref'd). The entire record including the written stipulations and waivers, must be examined in determining the voluntariness of the plea. *See Decker v. State,* 570 S.W.2d 948, 950–951 (Tex.Crim.App.1978); *Williams v. State,* 522 S.W.2d 483, 485 (Tex.Crim.App. 1975). The record supports a finding that appellant's plea was voluntary.

The appellant's final allegation of ineffective assistance of counsel is that trial counsel failed to object to appellant being sentenced prior to pronouncement of guilt. Having already disposed of this issue there is no need to address it again. Appellant's fourth point of error is overruled.

The judgment of the trial court is reformed to reflect that appellant was found guilty on January 6, 1994. The judgment is affirmed as reformed.