MEMORANDUM OPINION



No. 04-03-00733-CR



Jerod Yndalesio RAMIREZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 399th Judicial District Court, Bexar County, Texas 


Trial Court No. 2002-CR-5086-A


Honorable Juanita A. Vasquez-Gardner, Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice 

 Phylis J. Speedlin, Justice


Delivered and Filed: December 29, 2004


AFFIRMED

 Jerod Yndalesio Ramirez appeals from his murder conviction and sentence of twenty-five
years imprisonment. Ramirez asserts that his confrontation rights were violated and that he was
denied effective assistance of counsel. We affirm the trial court's judgment.

Background

 During the early morning hours of April 4, 2002, Ramirez received a phone call from Corina
Michelle Lopez, a friend who danced at a local strip club. She told Ramirez that she had been
sexually assaulted by Manuel Covarrubia. Ramirez and two of his friends went to Covarrubia's
apartment, where a fight ensued. During the fight, Covarrubia was shot once, resulting in his death.
Ramirez was subsequently convicted of Covarrubia's murder. 

Analysis

 In his first two issues, Ramirez asserts that his confrontation rights under the state and federal
constitutions, and under the Texas Code of Criminal Procedure, were violated because the testimony
of the investigating detective incorporated testimonial statements made by a non-testifying witness
during a police interrogation. See U.S. Const. amend. VI, XIV; Tex Const. art. I, §10; Tex. Code
Crim. Proc. Ann. arts. 1.05, 1.25 (Vernon 1977); see also Crawford v. Washington, 541 U.S. 36,
124 S. Ct. 1354, 1369-74 (2004). The State replies that Ramirez failed to preserve the two
confrontation clause issues for appellate review. We agree.

 During Detective Moffitt's testimony, counsel for Ramirez raised numerous hearsay
objections to the prosecutor's questions concerning inconsistent versions of the alleged sexual assault
given by Corina Michelle Lopez during her police interrogation. The trial court sustained the hearsay
objections, and Detective Moffitt was not permitted to testify to the different versions given by
Lopez. Detective Moffitt did testify to his opinion that Lopez was not being truthful based on
inconsistencies in her story and her demeanor during the interview. He did not testify to the
substance of Lopez's statements to him. During Moffitt's testimony, defense counsel never objected
that Ramirez was being denied his right to confront Lopez as a witness, and did not raise any
confrontation clause complaint with regard to Moffitt's testimony. Before the State concluded its
case in chief, Ramirez's counsel requested and was granted a writ of attachment for Lopez. (1) When
Lopez had not appeared by the next day, counsel for Ramirez moved for a continuance based on her
absence, claiming she was a material defense witness; the continuance was denied. (2) At no time did
counsel argue that Ramirez's confrontation rights were being denied by proceeding without Lopez's
presence. In fact, Ramirez's counsel did not assert a violation of his confrontation rights at any time
during the trial.

 Generally, in order to preserve an issue for appellate review, an appellant must make a specific
objection to the trial court at the time the alleged error arises and must obtain a ruling on the
objection. Tex. R. App. P. 33.1(a); see Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App.
2004) (en banc). "Except for complaints involving systemic (or absolute) requirements, or rights that
are waivable only, ... all other complaints, whether constitutional, statutory, or otherwise, are
forfeited by failure to comply with Rule 33.1(a)." Mendez, 138 S.W.3d at 342. Most constitutional
claims, except for those few that have been labeled systemic or that must be expressly waived, may
be forfeited through failure to comply with Rule 33.1(a). Id. at 340. A defendant's constitutional
right to confront the witnesses against him is not the type of law that the trial court is required to
follow regardless of the defendant's wishes, i.e., a systemic requirement, or the type of right that must
be implemented unless expressly waived, i.e., a waivable right. See id. Therefore, the right to
confrontation is forfeited by failure to lodge a timely, specific objection in the trial court. See Paredes
v. State, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004).

 Ramirez argues, without citing any authority, that the hearsay objections during Moffitt's
testimony, combined with the writ of attachment for Lopez and motion for continuance based on her
absence as a material defense witness, were sufficient to preserve his confrontation claims for appeal.
It is well established that an issue raised on appeal must correspond to the precise objection made in
the trial court. Willis v. State, 785 S.W.2d 378, 382-83 (Tex. Crim. App. 1989). A hearsay objection
does not preserve error on confrontation clause grounds. Paredes, 129 S.W.3d at 535. Accordingly,
we hold Ramirez did not preserve his confrontation claims and we overrule his first two issues.

 In his third issue, Ramirez asserts he received ineffective assistance of counsel because his
attorney did not request a jury charge on sudden passion under §19.02(d) of the Texas Penal Code
during the punishment phase of trial. See Tex. Pen. Code Ann. §19.02(d) (Vernon 2003). We hold
that Ramirez has failed to establish ineffective assistance of counsel pursuant to Strickland v.
Washington, 466 U.S. 668, 687 (1984).

 To establish ineffective assistance of counsel in a non-capital criminal trial, a defendant must
prove by a preponderance of the evidence that: (1) his trial counsel's performance was deficient; and
(2) the deficient performance prejudiced him to such a degree as to deprive him of a fair trial.
Strickland, 466 U.S. at 687; see Hernandez v. State, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App.
1999) (en banc); see also Harling v. State, 899 S.W.2d 9, 12 (Tex. App.--San Antonio 1995, pet.
ref'd). The Strickland standard applies to claims of ineffective assistance during both the
guilt/innocence and punishment phases of trial. Hernandez, 988 S.W.2d at 771. To establish
deficient performance, the first prong of the Strickland standard, Ramirez must show that his
counsel's performance fell below an objective standard of reasonableness and must rebut the
presumption that counsel's trial decisions were based on sound trial strategy. Thompson v. State, 9
S.W.3d 808, 812-13 (Tex. Crim. App. 1999). To satisfy this prong, any allegations of ineffectiveness
must be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Id. at 813. The appellate court does not look at isolated acts or omissions to
determine the effectiveness of counsel, but reviews the totality of the representation. Id.; Harling,
899 S.W.2d at 12.

 The allegation of ineffective assistance based on failure to request a sudden passion instruction
during punishment was not raised in Ramirez's motion for new trial, and no evidence was developed
in support of the claim. While the trial evidence arguably raised the issue of sudden passion, the
record is silent as to counsel's reasons for not requesting a sudden passion charge. (3) In the absence
of a developed evidentiary record which adequately reflects the motives behind counsel's action and
inaction, it is extremely difficult to prove that counsel's performance was deficient. Rylander v. State,
101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003) (en banc). Absent record evidence to the contrary,
we must presume that counsel's conduct fell within the wide range of reasonable professional
assistance. Thompson, 9 S.W.3d at 813-814 (record that is silent on trial counsel's reasons for
particular action or inaction will rarely suffice to rebut presumption that decision was reasonable).
To conclude that the representation by Ramirez's counsel was deficient without a proper record
exploring counsel's trial strategy would require this court to speculate as to counsel's motivation and
reasoning, which we may not do. Without evidence in the record to both establish deficiency and
rebut the presumption of reasonable assistance, Ramirez is unable to satisfy the first prong of
Strickland. See id. at 814; Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (en banc)
(record on direct appeal is often particularly inadequate to reflect the failings of trial counsel when
the errors complained of are errors of omission).


 Failure to make the required showing of either Strickland prong, deficient performance or
sufficient prejudice, will defeat a claim for ineffective assistance of counsel. Thompson, 9 S.W.3d at
813. Because we hold that Ramirez has failed to establish deficient performance by his trial counsel,
we overrule his third issue on appeal. (4)

 Based on the foregoing reasons, we affirm the trial court's judgment.


 Phylis J. Speedlin, Justice

Do not publish














1. Lopez was listed on the State's witness list and was under a State subpoena, but she did not appear as a
State witness at trial. The prosecutor stated that the district attorney's office did not have a current address or
phone number for Lopez, and had been unable to contact her since a co-defendant's trial several months earlier.
2. Ramirez does not raise the court's denial of his request for a continuance as a separate point of error on
appeal.
3. The State argues on appeal that counsel's failure to request the instruction was reasonable trial strategy
because a sudden passion instruction would have undermined Ramirez's testimony that he did not intend to injure
or kill Covarrubia.
4. Our opinion does not preclude Ramirez from raising his ineffective assistance claim in an application
for post-conviction writ of habeas corpus filed in the trial court. See Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon Supp. 2004-05); see also Thompson, 9 S.W.3d at 814 (noting this would provide an opportunity for a
dedicated hearing to consider the facts, circumstances and rationale behind trial counsel's actions).