IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-79,073-01






EX PARTE MARCUS ARNOLD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 95157-A IN THE 147TH DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault of
a child and was sentenced to two years' incarceration. There was no direct appeal.

 Applicant, through habeas counsel, claims his guilty plea was involuntary because his trial
counsel: (1) failed to investigate and discover and/or the State failed to disclose exculpatory
evidence; (2) failed to interview or properly advise him regarding several witnesses who could have
provided a defense of promiscuity, see, e.g., Harling v. State, 899 S.W.2d 9 (Tex.App.--San
Antonio 1995) (recognizing "The [now abolished] defense of promiscuity require[d] proof that the
complainant had engaged in consensual sexual relations with a variety of partners, continuing over
a reasonable period of time"); and (3) failed to contact a witness who reported he had overheard the
incident. Applicant insists he would not have pled guilty and would have proceeded to trial had trial
counsel learned of the exculpatory evidence and the potential witness testimony and properly advised
him on the defense.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). There are
no findings from the trial court regarding the veracity of the affidavits in the writ record or
addressing the disputed factual allegations. In these circumstances, additional information is needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. 

 The trial court shall make credibility determinations and shall resolve the disputed factual
issues. To do so, the trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In the appropriate case, the trial court may rely on its personal recollection. Id. If the trial court
elects to hold a hearing, and if Applicant is no longer represented by habeas counsel, the trial court
shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law regarding the claims raised
in the writ application. The trial court may also make any other findings of fact and conclusions of
law it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.


Filed: March 6, 2013

Do not publish