ACCEPTED
04-14-0383-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/11/2015 7:18:34 PM
KEITH HOTTLE
CLERK

# NO.   04-14-00383-CR

IN THE

COURT OF APPEALS

FOR THE

FOURTH SUPREME JUDICIAL DISTRICT

SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
03/11/2015 7:18:34 PM
KEITH E. HOTTLE
Clerk

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SEAN LEBO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ON APPEAL FROM COUNTY COURT AT LAW NUMBER 14

OF BEXAR COUNTY, TEXAS

CAUSE NUMBER 413956

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BRIEF FOR THE APPELLANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*oral argument requested.*

PAT  MONTGOMERY
111 SOLEDAD, SUITE 300
SAN ANTONIO, TX 78205
(210) 225-8940  Fax (978)285-4664
PatMontgomery@Gmail.com
STATE BAR NO. 14295350
Appellant's Attorney

# INDEX

INDEX..................................................................................................................i

LIST OF PARTIES.............................................................................................ii

TABLE OF AUTHORITIES................................................................................iii

STATEMENT OF THE CASE..............................................................................1

PROCEDURAL HISTORY ..................................................................................1

FACTUAL HISTORY...........................................................................................1

## POINT OF ERROR NUMBER ONE:

**The Harassment Statute upon which the Defendant was convicted is constitutionally void for vagueness, and for overbreadth, therefore his conviction should be reversed and the case should be remanded with orders to dismiss.**

……..................................................................................…...................4

## POINT OF ERROR NUMBER TWO:

**The Appellant's trial counsel was constitutionally inadequate and provided ineffective assistance of counsel due to a failure to challenge the Harassment Statute upon which the Defendant was convicted as being constitutionally void for vagueness and overbreadth.**

……..................................................................................…...................4

SUMMARY.........................................................................................................10

PRAYER.............................................................................................................10

CERTIFICATE OF SERVICE............................................................................10

# LIST OF PARTIES

SEAN LEBO was the trial Defendant below.

Mr. LEBO is now the Appellant in the instant appeal. PAT MONTGOMERY now represents Appellant in the instant appeal.

KIMBEL WARD and WILLIAM REECE represented the Appellant at trial.

The State of Texas is the Appellee. Bexar County District Attorney SUSAN D. REED represented the State of Texas at the trial court. She appeared by and through her Assistant District Attorneys JASON GARRAHAN, WILLIAM NICHOLS, and BEN RUTTENBERG.

The Complainant in this case is JASON LAYMAN.

District Attorney NICO LAHOOD now represents the Appellee State of Texas in the instant appeal, by and through the Assistant District Attorneys designated to handle the case.

Honorable Judge PHIL CHAVARRIA presided over the trial court proceedings.

PATRICK B. MONTGOMERY
111 SOLEDAD, SUITE 300
SAN ANTONIO, TX 78205
(210) 225-8940   Fax (978)285-4664
PatMontgomery@Gmail.com
STATE BAR NO. 14295350

# TABLE OF AUTHORITIES

## CONSTITUTIONS

First Amendment to the United States Constitution..............................................................5, 6

Sixth Amendment to the United States Constitution.............................................................8, 9

Art. 1, Sec. 8 of the Texas Constitution...................................................................................5

## STATUTE

Texas Penal Code §42.07...........................................................................................................3, 6

## CASES

*Conrad v. State,* S.W.3d 424,(Tex. App. 2002).....................................................................9

*Ely v. State*, 582 S.W.2d 416, (Tex.Crim. App. [Panel Op.] 1979)....................................4

*Freeman v. State*; 167 S.W.3d 114,(Tex. App. 2005)............................................................9

*Grayned v. Rockford,* 408 U.S. 104, (1972)...........................................................................4

*Harling v. State*, 899 S.W.2d 9, (Tex. App. --San Antonio 1995)....................................9

*Hernandez v. State*, 943 S.W.2d 930 (Tex. App.---El Paso 1997).....................................9

*Karenev v. State,* 258 S.W.3d 210 (Tex.App.-Fort Worth 2008).......................................6

*Karenev v. State*, 281 S.W.3d 428, (Tex.Crim.App. 2009)...............................................7, 8

*Kramer v. Price,* 712 F.2d 174, (5th Cir.1983).....................................................................4, 7

*Long v State,* 931 S.W.2d 285, (1996)....................................................................................7

*Marin v. State*, 851 S.W.2d 275, (Tex.Crim.App. 1993)....................................................7, 8

*Michel v. Louisiana*, 350 U.S. 91, (1955)...............................................................................8

*Papachristou v. City of Jacksonville,* 405 U.S. 156, (1972)...............................................4

*Rylander v. State*, 101 S.W.3d 107, (Tex. Crim. App. 2003);.............................................9

*Strickland v. Washington*, 466 U.S. 668 (1984)...................................................................8

*Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999).................................................8

# STATEMENT OF THE CASE

This is an appeal from a criminal case tried to a jury. The Appellant was convicted by unanimous jury verdict of Harassment, a Class B Misdemeanor. Punishment was assessed by the trial court at six months confinement in the Bexar County Jail.

# PROCEDURAL HISTORY

Appellant SEAN LEBO was charged by Information and Complaint filed on April 16, 2013. The Information and Complaint alleged that on or about January 3, 2013, the Appellant committed the offense of Harassment against the Complainant Jason Laymon, by sending him multiple electronic mail messages.

Trial was conducted January 31, 2014. The jury convicted the Appellant as charged. The case was rescheduled for sentencing.

Before the sentencing hearing, the Appellant's trial counsel withdrew from representation at the Appellant's request. The Honorable Trial Court appointed the undersigned counsel to represent the Appellant at the sentencing hearing.

The Appellant filed various *pro se* motions and a premature Notice of Appeal during the time between the jury's verdict and the sentencing hearing.

Sentencing was held May 16, 2014. The Appellant was represented by undersigned counsel. The Court sentenced the Appellant to six months confinement and a one thousand dollar fine. The Appellant's request to remain free on bond pending his appeal was granted, subject to various conditions.

-1-

One particular condition of the appeal bond involved a lengthy list of parties and places that the Appellant was prohibited from contacting. While this instant appeal was pending, the State (Appellee) moved that the trial court amend the conditions of the Appellant's bond to include no contact with two additional protected parties.

Subsequently, the Appellant was charged with contacting those parties. The Appellee advised the trial court that they intended to call undersigned appointed counsel as a witness in an effort to show that the Appellant was aware of the modified conditions of bond. Counsel moved to abate this appeal to conduct a trial court hearing regarding any conflict of interest. The appeal was abated, and the trial court concluded that counsel was not disqualified from representing the Appellant due to the possibility that the State might call him as a witness in the new prosecution against Appellant. Counsel now files this appellate brief for Appellant

## **FACTUAL HISTORY**

The factual history of the case was presented to the jury through the testimony of two witnesses called by the state, three witnesses called by the defense, and dozens of exhibits. Most of the exhibits were emails that were sent by the Appellant to the Complainant. The factual history will be quite abbreviated herein, due to the constitutional nature of the arguments.

The trial evidence showed that the Appellant herein believes that many local law enforcement officers and members of the judiciary, including the Complainant Jason Laymon, are dishonest and corrupt. The Appellant believes that the Complainant Jason Laymon in particular has hidden, falsified, and destroyed relevant and pertinent evidence of the Appellant's actual innocence regarding prior criminal charges that were brought against the Appellant. Some of those criminal charges date to 2001, and 2010. The Appellant seeks redress for his grievances.

-2-

The evidence showed that the Appellant has attempted to provoke investigations into his allegations of corruption. He has contacted various officials and agencies in an effort to cause the desired investigations. He has also sent multiple emails to the complainant Jason Laymon, in his effort to cause Laymon to take actions regarding the Appellant's myriad allegations, and in a further effort to cause the Complainant to admit to Complainant's own alleged past wrongdoing against the Appellant. The Appellant has threatened lawsuits and criminal charges against the Complainant, and has been quite impolite in many of his electronic messages to the Complainant. It is this conduct that forms the basis of the Harassment charge, and of the instant appeal.

## <u>POINT OF ERROR NUMBER ONE:</u>

**The Harassment Statute upon which the Defendant was convicted is constitutionally void for vagueness, and for overbreadth, therefore his conviction should be reversed and the case should be remanded with orders to dismiss.**

Texas Penal Code §42.07, the Harassment statute, reads in pertinent part that "(a) A person commits an offense if, with intent to harass, *annoy*, alarm, abuse, torment, or embarrass another, he: … … 7) sends *repeated* electronic communications in a manner reasonably likely to harass, *annoy*, alarm, abuse, torment, embarrass, or offend another. [emphasis added].

The statute does not define the terms "harass, annoy, alarm, abuse, torment, or embarrass." The statute makes those terms disjunctive, not conjunctive, so that any one of the terms alone might satisfy the statutory element. If a fact finder believed beyond a reasonable doubt that a person sent two electronic messages (repeated), with the intent to annoy a recipient, and the messages were reasonably likely to annoy, then the statute is satisfied --- except that the Constitution is not satisfied, as the Appellant will show.

-3-

Due process of law under the United States Constitution and Due Course of Law under the Texas Constitution require that statutes not be unconstitutionally vague or overbroad.

There are two ways that a law can be void for vagueness. The first way that a law can be void for vagueness is when it does not give a person of normal intelligence adequate notice that his conduct is prohibited by the law. *Papachristou v. City of Jacksonville,* 405 U.S. 156, 163, 92 S. Ct. 839, 843, 31 L. Ed. 2d 110 (1972).*Grayned v. Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298--2299, 33 L.Ed.2d 222 (1972), *Ely v. State*, 582 S.W.2d 416, 419 (Tex.Crim. App. [Panel Op.] 1979). *Kramer v. Price,* 712 F.2d 174 (5th Cir.1983)

The second way that a law can be void for vagueness is if it gives too much discretion to police officers, prosecutors, and jurors to determine what conduct constitutes and offense. Id. The void for vagueness doctrine was well described in *Grayned v. Rockford*, 408 U.S. 104 (1972), where the Court stated:

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application."

In the instant case and statute, the terms harass, annoy, alarm, abuse, torment, and embarrass are not defined. They may have different meanings to people of different

-4-

temperaments. The word annoy is particularly vague. People may be annoyed by multiple spam emails received daily. The senders may intend to annoy the recipient, in an effort to provoke a purchase of software, or some other product. A person may be annoyed at having to use a delete key, or customize a spam filter. It should not be left up to law enforcement, prosecutors, or juries to decide without guidance what the word annoy means.

When any criminal statute encompasses activity which would be otherwise protected by the U.S. Constitution, a defendant may challenge the provision on grounds that it is overbroad and therefore unconstitutional. This makes a statute or ordinance unconstitutional if the manner in which it is written creates an unnecessarily broad sweep, and invades the area of protected freedoms.

Overbroadness occurs when a prohibition overlaps on a prescription, that is, when people need to avoid constitutionally protected behavior, due to a fear of inadvertently committing a crime.

Art. 1, Sec. 8 of the Texas Constitution provides "Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press."

The First Amendment to the United States Constitution provides that: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

Citizens should not fear exercising their constitutionally protected right to freedom of speech under the First Amendment to the Constitution or their right to petition for redress of grievances due to the possibility of being ensnared in a prosecution based on overbroad laws.

In the instant case, even if the Appellant's intent was to annoy the Complainant, his conduct was protected by his First Amendment right to freedom of speech, and his right to petition the Government (the police officer Complainant) for a redress of grievances. His intent was to invoke religious beliefs in some of the communications. To the extent that the statute stifles this laudable goal, albeit executed quite impolitely, the statute is void for overbreadth.

By further example, with the instant statute, sending two (repeated) emails to someone, promising to sue them (reasonably likely to annoy), with the intent to alarm them about their legal liability, would be a violation of the statute. It would also be a protected freedom under the Constitution. Attempting to annoy another from religious complacency, and to alarm them regarding existential consequences could also be a constitutionally protected freedom that could be prosecuted under this statute. This statute is overbroad.

In *Karenev v. State*, 258 S.W.3d 210 (Tex.App.-Fort Worth 2008), [reversed on preservation grounds] the Fort Worth Court of Appeals found the the same Section (a)(7) that was prosecuted in the instant appeal before this Honorable Court to be unconstitutionally void for vagueness.

The Fort Worth Court noted in *Karenev* that although the statute had been been previously held unconstitutionally vague, it was amended and "the legislature has cured most of the deficiencies in the statute..."

Section (a)(7), however, exhibits the same infirmities as the old statute that was held unconstitutional. "The words " annoy" and " alarm" remain in the statute although they are now joined by the words " harass," " abuse," " torment," and " embarrass." But, all these terms are joined with a disjunctive " or," and thus do nothing to limit the vagueness originally generated by " annoy" and "alarm."

"Moreover, the additional terms are themselves susceptible to uncertainties of meaning." See *Long v State,* 931 S.W.2d 285 (1996), where the Texas Court of Criminal Appeals applied the Fifth Circuit's reasoning in *Kramer v. Price,* 712 F.2d 174 (5th Cir.1983) to find the Texas Stalking statute to be void for vagueness.

## POINT OF ERROR NUMBER TWO:

**The Appellant's trial counsel was constitutionally inadequate and provided ineffective assistance of counsel due to a failure to challenge the Harassment Statute upon which the Defendant was convicted as being constitutionally void for vagueness and overbreadth.**

The Appellant incorporates the relevant assertions in point of error number one herein, specifically his contention that the statute under which the Appellant was prosecuted is void, and that the Appellant's conviction for violating a void statute should not stand.

Appellant writes this second point of error separately, and only if necessary, to prevent the possibility of this Honorable Court of Appeals from disposing of the Appellant's appellate contention on any possible preservation of error grounds.

The Court of Criminal Appeals has stated that "a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." see *Karenev v. State*, 281 S.W.3d 428, 434 (Tex.Crim.App. 2009). This was the Opinion where the Court of Criminal Appeals struck down the Ft, Worth court's vagueness reversal discussed above.

Under *Karenev*, "[a] facial challenge to the constitutionality of a statute" falls within the category of matters for which an objection is necessary to preserve error pursuant to *Marin v. State*, 851 S.W.2d 275, 279-80 (Tex.Crim.App. 1993).

-7-

In the instant case, the Appellant's jury trial counsel did not make any facial challenge to the constitutionality of the statute. It was only after the Appellant was convicted and the jury trial counsel withdrew from representation that the undersigned counsel was appointed.

Appellant then asked the trial court through newly appointed counsel, both verbally and in the form of a written pleading, to set aside the conviction due to the void statute, and to quash the information and complaint. The trial court denied those requests.

If the *Karenev/Marin* rule stated above is interpreted to prevent raising a facial challenge to the constitutionality of the statute for the first time before the trial court after jury verdict, then the Appellant asserts in this point of error number two that he was denied his Sixth Amendment right to the effective assistance of counsel.

The Appellant should not be denied his right to be free from conviction and prosecution under a void statute simply because his trial counsel failed to lodge appropriate objections and motions challenging the statute before trial.

To show that his trial counsel provided ineffective assistance, an appellant is first required to show that the attorney's performance "was deficient because it fell below an objective standard of reasonableness." Next, an appellant must also show that "a probability sufficient to undermine confidence in the outcome existed that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999).

Hindsight review of an attorney's efforts will be highly deferential. The appellate court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance..." Basically, there is a presumption in favor of the trial attorney's actions. That presumption is that counsel's actions and omissions were part of a trial strategy. See *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

A single act or omission may render counsel's performance ineffective, but it is not required that each single act or omission alone constitute ineffectiveness. Some examples of a single omission constituting ineffective assistance involve mental health claims. In *Freeman v. State*; 167 S.W.3d 114 (Tex. App. 2005) trial counsel provided ineffective assistance by failing to conduct an adequate investigation of mental health issues. Similarly, in *Conrad v. State*, S.W.3d 424 (Tex. App. 2002) an attorney rendered ineffective assistance when he failed to investigate the possible insanity defense. Similarly, the Appellant's ineffective assistance claim is predicated upon a single omission: failing to challenge a statute that had been previously held void by a Texas appellate court.

Courts routinely hold that most allegations of ineffective assistance are better brought upon post-appellate habeas corpus applications, where an applicant can build a record regarding the strategy and tactics, if any, involved with his counsel's acts or omissions. Ineffectiveness is often difficult to show on direct appeal, because any allegation of ineffectiveness have to be within the existing record, and that record must affirmatively demonstrate the alleged ineffectiveness. Generally the record on direct appeal is insufficient to rebut the presumption of legitimate trial strategy. *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003); *Tong v. State,* 25 S.W.3d 707 (Tex. Crim. App. 2000); *Hernandez v. State*, 943 S.W.2d 930 (Tex. App.---El Paso 1997);. *Harling v. State*, 899 S.W.2d 9, 12 (Tex. App. --San Antonio 1995).

In the instant case, if this Honorable Court of Appeals determines that the Appellant's constitutional claims are barred, waived, or not preserved by his jury trial counsel's failure to raise the claims pretrial, then that counsel was ineffective as a matter of law. There can be no reasonable trial strategy in failing to challenge a void statute and thereby win the case. This ineffective assistance claim can be decided based on the existent trial record, and without any need to present it in a subsequent *habeas corpus* proceeding.

## SUMMARY

The Appellant has been convicted for violating a void statute. His conviction, fine, and six months jail sentence are predicated upon a statute that is both void for vagueness, and void for overbreadth. The trial court erred in failing to grant the Appellant's request to set the conviction aside and quash the complaint and information. If the Appellant's post-verdict pre-sentence challenge to the constitutionality of the statute was untimely, then he has received ineffective assistance from his jury trial counsel, and the case should be reversed to enable him to advance the constitutional challenges.

## PRAYER

Appellant prays that this Honorable Court reverse the decision of the trial court, and remand this cause with orders that the Appellant not be again prosecuted for violating a void statute.

Respectfully submitted,

/s/_____
PAT MONTGOMERY, TBN 14295350
111 SOLEDAD, SUITE 300
SAN ANTONIO, TX 78205
(210) 225-8940  Fax (978)285-4664
PatMontgomery@Gmail.com
Attorney for Appellant

## CERTIFICATE OF SERVICE AND WORD COUNT COMPLIANCE

Counsel certifies by his signature below that the word count is 3199, and that contemporaneously with the electronic filing of this Brief, he has provided a copy to:

1. The Bexar County District Attorney's Office.
2. The Appellant.

Respectfully submitted,
/s/
Pat Montgomery

**-10-**