

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00427-CR

Bobby J. **PORTER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR5248
Honorable Joey Contreras, Judge Presiding

Opinion by:   Rebeca C. Martinez, Justice

Sitting:   Rebeca C. Martinez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: April 17, 2019

AFFIRMED

Bobby Porter was convicted by a jury of assault by choking a person with whom he was in a dating relationship. Raising four points of error, Porter argues: (1) the trial court's misstatements during voir dire were so prejudicial that no instruction could have a curative effect; (2) Porter's constitutional right to confront witnesses was violated; and (3) he received ineffective assistance of counsel at trial. We affirm the court's judgment.

## BACKGROUND

Porter was charged with assault by choking or strangulation based on an investigation conducted by Officer Rene Ramirez, who was dispatched to a hospital where the complainant was seeking treatment. Although the assault was alleged to have occurred on January 21, 2017, the complainant did not call the police or tell anyone until she sent pictures of her injuries to her sister, Lanell Haslip, on January 23, 2017. Haslip and her husband drove the complainant to the hospital for treatment. Daniel Esper, a nurse involved in the treatment of the complainant, contacted the police when he was informed the injuries were the result of domestic abuse. The complainant did not wish to press charges and refused to testify at trial. The State called Officer Ramirez, Haslip, and Esper to testify. Defense counsel called Porter's wife and sister as witnesses, and they testified Porter was at home the entire day of the alleged assault. After hearing the evidence, the jury found Porter guilty. Porter appeals.

## MISSTATEMENTS DURING VOIR DIRE

In his first issue, Porter contends the trial court's comments during voir dire constitute fundamental error. Porter relies on the doctrine of fundamental error because he recognizes no objections were made to the comments during trial.

Porter first points to the trial judge mistakenly referring to Porter operating under the presumption of guilt when the trial court explained the presumption of innocence as follows:

> In this country, we are presumed innocent. Now, I know all of y'all understand that. This defendant right now is operating under the presumption of guilt. Even though this indictment has his name on it, he is presumed innocent. I said guilt. He is presumed innocent and is operating under—and sits here presumed innocent.

Porter next points to a second misstatement made by the trial judge in explaining a defendant's absolute right not to testify, stating "[t]his presumption of guilt is a precious right, and it is so—it is so critical . . . ." Porter also complains he was harmed when the trial judge stated, "we pick 12

*unanimous* jurors" while he was explaining the process by which jurors are selected at random for jury duty. Porter further claims he was harmed when the trial judge urged the venire to be honest about any conflicts they may have before being selected for the jury because he did not want to have any double jeopardy issues. Porter claims the trial judge misstated the law on double jeopardy in his explanation of how undisclosed conflicts could give rise to double jeopardy concerns. Finally, Porter complains the trial judge's statement—that Porter was accused of "an assault of a person by basically choking or strangling that person"—was a prejudicial comment on the nature of the crime. Acknowledging defense counsel did not object to any of these statements, Porter argues the statements rose to the level of fundamental error requiring reversal.

*Applicable Law*

Generally, an objection must be lodged during trial to preserve an error for review on appeal. TEX. R. APP. P. 33.1. However, under the *Marin* doctrine, the Court of Criminal Appeals has carved out an exception where certain absolute rights are so fundamental to the proper functioning of the adjudicatory process that they cannot be forfeited by inaction alone. *Marin v. State*, 851 S.W.2d 275, 278–80 (Tex. Crim. App. 1993), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). A trial court's comments during voir dire will be considered fundamental error, not requiring an objection to preserve error, when they taint the defendant's presumption of innocence in front of the venire. *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). Stated differently, if "the trial judge's comments rose to such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury[,]" then the error may be heard on appeal despite there being no objection to the trial judge's comments at trial. *Id.* A trial court's comments during the voir dire process are not considered in isolation. "[I]n assessing whether a trial court's voir dire comments deprived an appellant of a fair and impartial trial, we consider the trial court's comments as a whole." *Denver v. State*, Nos. 05-14-00817-CR,

05-14-00818-CR, 05-14-00819-CR, 2016 WL 661034, at *3 (Tex. App.—Dallas Feb. 18, 2016, pet. ref'd) (mem. op., not designated for publication); *see also Unkart v. State*, 400 S.W.3d 94, 98–99 (Tex. Crim. App. 2013) (reviewing the trial court's comments in light of the trial court's entire statement to the venire panel); *Infante v. State*, 397 S.W.3d 731, 738 (Tex. App.—San Antonio Feb. 6, 2013, no pet.) ("Not[ing] the importance of viewing the surrounding statements of the trial judge and viewing the comment in context.").

*Application*

Here, we must determine whether the trial court's comments during voir dire rose to such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury. If they did, then Porter's absolute right to an impartial jury was violated and he did not need to object at trial to preserve error for appeal. If they did not, then any error by the trial court in making the comments was waived when Porter did not object.

Porter cites *Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000) (en banc) to support his position that the comments rose to the level of fundamental error. However, the Court of Criminal Appeals has expressly held *Blue* has no precedential value because the plurality opinion was not a majority holding. *Unkart*, 400 S.W.3d at 101. In addition, here as in *Unkart*, "whatever persuasive value one might afford to the opinions in *Blue*, they do not support reversal in this case because the circumstances here differ significantly in several respects from the circumstances in *Blue*." *Id.* In *Blue*, the trial court commented extensively to the venire that the trial was being delayed because the defendant could not make up his mind on whether he wanted to accept a plea deal or not. *Blue*, 41 S.W.3d at 134. Next, the trial court told the venire that the defendant should plead guilty and save the court's time. *Id.* In *Blue*, the trial court's comments effectively communicated to the venire that the trial court believed the defendant was guilty. *Id.* at 139.

The comments in *Blue* are readily distinguishable from the trial court's mistaken reference to the presumption of guilt in the instant case. Instead, the comments in the instant case are more like the comments that were held not to have risen to the level of fundamental error in *Unkart* and *Denver*.

In *Unkart*, the trial judge stated that he would probably testify if he was on trial and was not guilty. *Unkart*, 400 S.W.3d at 96. Then the trial judge went on to explain the defendant has an absolute right not to testify and that should not be held against him. *Id.* The trial judge also gave a jury charge that instructed the jury to disregard any opinion of the trial judge that the jury may have perceived as a comment on the defendant's guilt or innocence. *Id.* at 102.

In *Denver*, the trial court also mistakenly stated the defendant was operating under the presumption of guilt as he was explaining a criminal defendant's presumption of innocence. *Denver*, 2016 WL 661034, at *3. The Dallas Court of Appeals stated:

> The record shows the trial court twice clearly informed the venire that appellant was entitled to be presumed innocent. The trial court also explained the significance of the presumption; jurors could not believe appellant was guilty because of the charges against him. However, in purporting to sum up its comments, the trial court instead contradicted itself and told the venire "it must not presume appellant to be innocent." It is, however, apparent from our review of the record the trial court simply misspoke. If appellant feared the venire actually may have been misled, he could have easily cured any possibility of harm by objecting and requesting the trial court to correct its error. The trial court later did effectively correct the misstatement in the jury charge and properly instructed the jury on the presumption of innocence. We conclude the trial court's comments did not constitute fundamental error.

*Id.* (citations omitted).

Here, the trial court did not expressly or implicitly comment on whether it thought Porter was guilty. When we view the remarks surrounding the comments complained of, and the voir dire as a whole, we cannot say the comments tainted the presumption of innocence or violated Porter's right to an impartial jury. When looking at the trial court's misstatements in context, the

record clearly reveals the trial court simply misspoke. Similarly, the trial court's statements about how the jury is summoned and its explanation of double jeopardy had no effect on Porter's presumption of innocence and cannot reasonably be said to affect the impartiality of the jury. Finally, the trial court's description of the charged offense was accurate. We overrule Porter's first issue.

### CONFRONTATION CLAUSE

Porter's second issue asserts the trial court violated his right to confrontation by proceeding with trial in the absence of a finding that the complainant was unavailable for proper reasons. In arguing this issue, Porter's brief makes references to an improper closing argument, the withholding of evidence of numerous phone calls he made from jail, and the failure to secure the testimony of the complainant as a witness. Regarding his references to improper closing argument and phone calls, Porter argues facts that are not within the appellate record and does not cite any legal authority to support his contentions that the State made an improper argument or withheld evidence. TEX. R. APP. P. 38.1(i); *see Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014) (holding the appellant waived complaints "by failing to present any argument or authority demonstrating error"). Therefore, we will only consider whether the complainant's absence from the trial violated Porter's Sixth Amendment right under the Confrontation Clause.

In his third issue, Porter asserts his right of confrontation was violated because Officers Ramirez, Haslip, and Esper testified about statements made by the complainant.

### *Applicable Law*

Generally, an appellant must make a specific objection at the time the alleged error arises at trial and must obtain a ruling on the objection in order to preserve an issue for appellate review. TEX. R. APP. P. 33.1(a); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004) (en banc). "A defendant's constitutional right to confront the witnesses against him is not the type of law that

the trial court is required to follow regardless of the defendant's wishes, *i.e.*, a systemic requirement, or the type of right that must be implemented unless expressly waived, *i.e.*, a waivable right." *Ramirez v. State*, No. 04-03-00733-CR, 2004 WL 2997747, at *1 (Tex. App.—San Antonio Dec. 29, 2004, pet. ref'd) (mem. op., not designated for publication). In addition, "general arguments about hearsay do not put the trial judge on notice that Appellant is making a constitutional argument, let alone a Confrontation Clause argument." *Golliday v. State*, 560 S.W.3d 664, 671 (Tex. Crim. App. 2018).

*Application*

It is well established that an issue raised on appeal must correspond to the precise objection made in the trial court. *Willis v. State*, 785 S.W.3d 378, 382–83 (Tex. Crim. App. 1989). Here, Porter asserted a hearsay objection to complainant's statements that were introduced by the State's three witnesses through a hearsay exception. However, Porter did not assert any objections that the complainant's statements were introduced in violation of the Confrontation Clause. *Golliday*, 560 S.W.3d at 670–71. A hearsay objection does not preserve error on confrontation clause grounds. *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004). Furthermore, Porter never made an objection that the complainant's absence from trial violated his confrontation rights.[1] Accordingly, we hold Porter did not preserve his confrontation claims, and we overrule his second and third issues. *Ramirez*, 2004 WL 2997747, at *2.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his fourth issue, Porter asserts he received ineffective assistance of counsel because his attorney failed to: (1) object to the misstatements during voir dire; (2) investigate the State's claims; (3) properly prepare for trial; and (4) object to the State's purportedly improper summation

---

[1] The State points out that Porter was entitled to call the complainant himself if he wished to question her.

of the evidence in closing argument. Porter asserts that his trial attorney's failure to object—coupled with his comment that he did not like Porter in his closing argument—amounted to the ineffective assistance of counsel.

*Applicable Law*

To establish ineffective assistance of counsel, a defendant must prove by a preponderance of the evidence that: (1) his trial counsel's performance was deficient; and (2) the deficient performance prejudiced him to such a degree as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009); *Harling v. State*, 899 S.W.2d 9, 12 (Tex. App.—San Antonio 1995, pet. ref'd). "The appellant must prove by a preponderance of the evidence that his counsel's representation objectively fell below the standard of professional norms" to show deficient performance. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); *see Ex parte McFarland*, 163 S.W.3d 743, 753 (Tex. Crim. App. 2005) (explaining appellant "must overcome a 'strong presumption that counsel's performance fell within the wide range of reasonable professional assistance'" when proving counsel's performance was deficient (quoting *Strickland*, 466 U.S. at 689)). "And to show prejudice, the appellant 'must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different.'" *Smith*, 286 S.W.3d at 340 (quoting *Strickland*, 466 U.S. at 694).

"An ineffective-assistance claim must be 'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of the claim." *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). Direct appeal is usually an inadequate vehicle for raising such a claim because the record on direct appeal will generally be insufficient "to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard." *Mitchell*, 68 S.W.3d at 642. On direct appeal, the appellate court may not fairly be able to evaluate

the merits of such a serious allegation because the record is usually not sufficiently developed and does not adequately reflect the failings of trial counsel. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). "Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Menefield*, 363 S.W.3d at 593 (citations omitted). "Unlike other claims rejected on direct appeal, claims of ineffective assistance of counsel rejected due to lack of adequate information may be reconsidered on an application for a writ of habeas corpus." *Lopez*, 343 S.W.3d at 137.

*Application*

There was no evidence developed on the record at a motion for new trial hearing to support any of the allegations on which Porter bases his ineffective assistance of counsel claim. Therefore, the record is silent as to counsel's reasons for not objecting to the voir dire and the State's summation of evidence in closing argument. *Ramirez*, 2004 WL 2997747 at *2. In addition, the record shows defense counsel hired a private investigator to investigate the State's charges against Porter. Hiring the investigator not only shows trial counsel had the State's claims investigated, it also tends to show that trial counsel took steps in preparing for trial. In the absence of a developed evidentiary record which adequately reflects the motives behind counsel's action and inaction, it is extremely difficult to prove that counsel's performance was deficient. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003) (en banc) ("Though [the actions of trial counsel] can reasonably raise questions as to the wisdom of and rationale for certain trial preparation and trial strategy decisions, because the ineffective assistance claim is raised on direct appeal, trial counsel has not had an opportunity to respond to these areas of concern.").

Porter also argues on appeal that no reasonable attorney would state that he did not like his client during closing argument. But, when viewed in context, counsel could have been trying to identify with the jury by assuring them that they did not have to like the defendant to find him not guilty. In fact, counsel stated that neither his, nor the jury's, dislike for Porter was "not why [they] were [there that day]."

Since we may not engage in retrospective speculation, Porter has failed to rebut the strong presumption that counsel's performance fell within the wide range of reasonably professional assistance. *Lopez*, 343 S.W.3d at 142–43. Here, the evidentiary record is undeveloped and does not adequately reflect the motives behind counsel's action and inaction. *Rylander*, 101 S.W.3d at 110–11. Therefore, Porter has failed to meet his burden under the first prong of *Strickland*. Because Porter failed to meet his burden under the first prong of *Strickland*, we need not consider the second prong. *Lopez*, 343 S.W.3d at 143.

## CONCLUSION

The trial court's judgment is affirmed.

Rebeca C. Martinez, Justice

DO NOT PUBLISH