

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-19-00031-CR

_____

JAMES DEANGELO JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 187th District Court
Bexar County, Texas
Trial Court No. 2016CR3485; Honorable Joey Contreras, Presiding

July 3, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

In 2016, pursuant to a plea bargain, Appellant, James DeAngelo Johnson, was placed on deferred adjudication community supervision for a term of five years for the offense of burglary of a habitation, a second degree felony.[1] Less than a year later, the State moved to adjudicate Appellant guilty and revoke his community supervision for

_____

[1] TEX. PENAL CODE ANN. § 30.02(a)(3), (c)(2) (West 2019).

violating specific conditions thereof. Instead of proceeding to adjudication, the trial court amended the conditions of Appellant's community supervision by adding that he be confined in an intermediate sanction facility for in-patient residential treatment, and he completed that condition.

In 2018, the State again moved to proceed to an adjudication of guilt, this time alleging that Appellant had (1) failed to report to his supervision officer for April and May 2018, (2) only remitted $102.00 of $5,824.32 ordered as costs, fees, and fines, and (3) failed to complete 200 hours of community supervision. Following a shooting discussed hereinbelow, the State amended its last motion to also allege that Appellant had purchased, received, possessed, or transported a firearm in violation of his conditions of deferred adjudication community supervision. Following a hearing at which Appellant entered a plea of "not true" to all of the allegations, the trial court found the State proved each allegation. This time Appellant's deferred adjudication was revoked, and Appellant was sentenced to twenty years confinement and a fine of $1,000.

Presenting three issues on appeal,[2] Appellant maintains (1) his twenty-year sentence constitutes cruel and unusual punishment, (2) his sentence is void because the trial court failed to pronounce an adjudication of guilt, and (3) the trial court abused its discretion in finding that he violated the condition requiring him to pay fees without

---

[2] Originally appealed to the Fourth Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Fourth Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

inquiring about his ability to pay and his failure to pay. Notwithstanding the fact that the State did not favor us with a brief, we affirm.

## BACKGROUND

Appellant was placed on deferred adjudication community supervision for burglary of a habitation. While on community supervision, he was linked to a shooting that resulted in the death of an individual. According to the detective who was dispatched to the shooting, the victim identified Appellant as the shooter. The victim later died and Appellant was arrested. Another witness, who was also arrested, also implicated Appellant as the shooter.[3] At the time of the hearing in this case, Appellant had not been convicted of any offense related to the shooting.

## STANDARD OF REVIEW

When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). In a revocation proceeding, the State must prove by a "preponderance of the evidence" that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, a "preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)). A trial court abuses its discretion in

---

[3] Testimony that Appellant was the shooter was allowed over objections under exceptions to the hearsay rule.

revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). The finding of a single violation of community supervision is sufficient to support revocation. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Harvey v. State,* 07-18-00446-CR, 2019 Tex. App. LEXIS 3821, at *5 (Tex. App.—Amarillo May 10, 2019, no pet. h.) (mem. op., not designated for publication).

### ISSUE ONE—CRUEL AND UNUSUAL PUNISHMENT

Appellant asserts that the trial court's imposition of a twenty-year sentence for violating certain conditions of his community supervision constitutes cruel and unusual punishment in violation of his constitutional rights and articles 1.09 and 16.21 of the Texas Code of Criminal Procedure.[4] We disagree.

The Eighth Amendment to the United States Constitution prohibits excessive bail or fines, as well as cruel and unusual punishment. U.S. CONST. amend. VIII. This provision is applicable to the states through the Fourteenth Amendment. *Furman v. Georgia*, 408 U.S. 238, 239, 92 S. Ct. 2726, 33 L. Ed. 2d 346 (1972).

Appellant argues that for a first-time offender who had originally been placed on deferred adjudication community supervision for only five years, imposition of the maximum sentence of twenty years was excessive and grossly disproportionate to the

---

[4] Article 1.09 prohibits imposition of cruel and unusual punishment. TEX. CODE CRIM. PROC. ANN. art. 1.09 (West 2005). Article 16.21 describes a sheriff's duty to prisoners not to use cruel or unusual means. TEX. CODE CRIM. PROC. ANN. art.16.21 (West 2015).

offense of burglary of a habitation.  He relies on *Weems v. United States*, 217 U.S 349, 30 S. Ct. 544, 54 L. Ed. 793 (1910), and *Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983), in support of his argument that his punishment should have been graduated and proportioned to the offense originally committed.

To preserve a complaint that a sentence constitutes cruel and unusual punishment, we note that a defendant must object at trial or properly present the complaint via a motion for new trial.  *Burrell v. State,* 2019 Tex. App.—Amarillo May 9, 2019, no pet. h.) (mem. op., not designated for publication).  The objection must be made at the earliest possible opportunity.  *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  Constitutional rights, including the right to be free from cruel and unusual punishment, may be defaulted by the failure to object.  *See Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).  To avoid procedural default on appeal of a punishment issue, a defendant must complain of the sentence by objection during trial or, if there was no opportunity to object, in a motion for new trial.  *See* TEX. R. APP. P. 33.1(a)(1).  *See also Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992).

After pronouncement of Appellant's twenty-year sentence, the trial court inquired, "[a]nything else?"  Defense counsel had the opportunity to complain about Appellant's sentence but did not lodge an objection before the proceeding concluded.  Appellant's failure to complain about his sentence at the earliest opportunity waived any argument he may have had on appeal.  Notwithstanding the fact that we dispose of this matter based

on a finding of waiver, an analysis based on the merits would have resulted in the same conclusion.[5]  Issue one is overruled.

### ISSUE TWO—FAILURE TO ADJUDICATE GUILT

Relying on articles 42A.108(b) and 42A.110 of the Texas Code of Criminal Procedure, Appellant argues that his sentence is void because he was never adjudicated guilty on the record before sentence was pronounced.  We disagree.

Article 42A.108(b) provides in relevant part "[t]he defendant is entitled to a hearing limited to a determination by the court of whether the court will proceed with an *adjudication of guilt* on the original charge."  Article 42A.110(a) provides in relevant part that "after an *adjudication of guilt*, all proceedings, including assessment of punishment, pronouncement of sentence . . . continue as if the *adjudication of guilt* had not been deferred."  TEX. CODE CRIM. PROC. ANN. arts. 42A.108, 42A.110(a) (West 2018).

In the underlying case, the trial court's pronouncement was as follows:

> I find the State has proved the violation of Condition Number 5, find they [sic] proved a violation of Condition Number 10, proved a violation of Condition Number 20, proved a violation of Condition Number 11. . . .  It is the judgment of this Court that you be sentenced to 20 years in the penitentiary . . . .

Appellant interprets the aforementioned statutes as requiring an express adjudication of guilt on the record without which his sentence is void.  He contends the

---

[5] Generally, sentences that fall within the statutory range of punishment for the offense are not considered excessive under the Eighth Amendment.  *Reynolds v. State*, 430 S.W.3d 467, 471 (Tex. App.—San Antonio 2014, no pet.).

trial court's failure to pronounce him guilty of the original offense deprived him of the right to appeal that determination.

Both statutes relied on by Appellant were renumbered by the Legislature in 2015 with an effective date of January 1, 2017. Prior to the legislative change, the language in question, with the exception of a few changed words, remains the same as it existed in its predecessor, former article 42.12, section 5(b).[6] Here, Appellant did not cite a case and we have found none requiring an express oral adjudication of guilt. To the contrary, numerous cases have found that an oral adjudication of guilt does not require a ritual or "special incantation from the bench." *See Jones v. State*, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990) (en banc). *See also Villela v. State*, 564 S.W.2d 750, 751 (Tex. Crim. App. [Panel Op.] 1978) (holding that the trial court's action in assessing punishment after a hearing is an implied rendition of guilt and such finding was entered by the written judgment); *Hernandez v. State*, No. 13-17-00304-CR, 2019 Tex. App. LEXIS 3726, at *10 (Tex. App.—Corpus Christi May 9, 2019, no pet. h.) (mem. op., not designated for publication); *Jones v. State*, 07-16-00345-CR, 2017 Tex. App. LEXIS 4158, at *2 n.3 (Tex. App.—Amarillo May 8, 2017, no pet.) (mem. op., not designated for publication); *Holeman v. State*, No. 06-13-00191-CR, 2014 Tex. App. LEXIS 2388, at *6 (Tex. App.—Texarkana March 4, 2014, no pet.) (mem. op., not designated for publication); *Harling v. State*, 899 S.W.2d 9, 10-11 (Tex. App.—San Antonio 1995, pet. ref'd).

---

[6] *See* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3501.

Based on this authority, we conclude the trial court implicitly found Appellant guilty of the original charge of burglary of a habitation before proceeding to the sentencing phase. Issue two is overruled.

### ISSUE THREE—NON-PAYMENT OF FEES AND COSTS

By his final issue, Appellant alleges the trial court erred in finding that he violated the condition of community supervision requiring him to pay fees without first inquiring into his ability to pay and his refusal to do so. We disagree.

Article 42A.751(i) provides that in "a revocation hearing at which it is alleged *only* that the defendant violated the condition of community supervision by failing to pay" fees and costs, "the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered . . . ." TEX. CODE CRIM. PROC. ANN. art. 42A.751(i) (West 2018).

Appellant further argues the State failed to carry its burden of proof with respect to article 42A.301(11). TEX. CODE CRIM. PROC. ANN. art. 42A.751(i) (West 2018). In that regard, he complains that, during its questioning of the supervising officer, the State did not differentiate between the types of fees to be paid, as described in that section of the Code, and his delinquent amounts.

Appellant's argument disregards the word "only" in article 42A.751(i). The statute places a burden of proof on the State *only* when failure to pay is the sole allegation relied on to revoke community supervision. When, as here, the State alleges more than one violation of the conditions of community supervision in a motion to revoke, it is not required to prove a defendant's ability to pay or that his failure to do so was willful. *See Archer v.*

8

*State*, 13-18-00059-CR, 2019 Tex. App. LEXIS 4216, at *9-10 (Tex. App.—Corpus Christi May 23, 2019, no pet. h.) (mem. op., not designated for publication).

Here, the State alleged four violations of community supervision, all of which the trial court found were supported by the evidence. Consequently, the State proved the allegation that Appellant was delinquent in fees and costs owed without having to prove his ability to pay fees and costs and a willful failure to do so. Issue three is overruled.

### REFORMATION OF JUDGMENT

In reviewing the record, it came to this court's attention that the trial court's judgment contained in the clerk's record includes a clerical error. The summary portion of the judgment under "Plea to Motion to Revoke" reflects that Appellant entered a plea of "TRUE." However, the reporter's record reveals that he entered a plea of "Not True" to each allegation in the State's motion.

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30. Thus, we modify the trial court's *Judgment Adjudicating Guilt* to reflect "Not True" as to the "Plea to Motion to Revoke" in the summary portion of the judgment.

9

**CONCLUSION**

Having found no abuse of discretion by the trial court, the *Judgment Adjudicating Guilt* is affirmed.

Patrick A. Pirtle
Justice

Do not publish.